IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| CRAIG PAULINUS CLAY, : | |
| : | |
| Petitioner : | CIVIL ACTION NO. |
| : | 2:06-CV-09-RWS |
| v.   : | |
| : | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, : | 2:00-CR-08-RWS |
| : | |
| Respondent. : | |

## **ORDER**

This case is before the Court for consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [159], Petitioner's Motion to Proceed [161], Respondent's Motion to Dismiss [163], Petitioner's Motion to Expedite [164], Petitioner's Motion to Compel Government to Respond [165], and Petitioner's Motion for Status [167]. After reviewing the entire record, the Court enters the following Order.

## **Background**

Defendant was convicted by a jury on June 20, 2002, of Counts One, Two, and Three of a Superseding Indictment charging him with possession with intent to distribute cocaine hydrochloride, possession with intent to distribute at

least 50 grams of cocaine base, and possession of a firearm by a convicted felon.  Following a sentencing hearing on September 17, 2002, this Court sentenced Defendant to 240 months imprisonment, followed by 120 months of supervised release on each Count, to run concurrently.  Because Defendant had been convicted of a prior serious drug offense in Georgia Superior Court, the Court sentenced Petitioner under the twenty-year mandatory minimum required by 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851.  The Judgment and Commitment was entered on September 20, 2002.  Defendant filed a direct appeal, and his convictions and sentence were affirmed by the Eleventh Circuit Court of Appeals on January 7, 2004.  Defendant then filed a petition for a writ of certiorari, which was denied by the Supreme Court on November 29, 2004.

On November 29, 2005, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [159].  Since then, Defendant filed a "Motion to Proceed and Notice of Receipt of State Orders" [161], which this Court construes as a Motion to Supplement his Motion to Vacate.  Defendant has also filed a Motion to Expedite [164], a Motion to Compel Government to Respond, and a Motion for Status.  Defendant has also reiterated a request that the Court appoint counsel.

As an initial matter, Defendant's "Motion to Proceed and Notice of Receipt of State Orders" [161], which this Court construes as a Motion to Supplement, is **GRANTED**.

In his Motion to Vacate, Set Aside, or Correct Sentence, Petitioner shows that on July 12, 2005, the Superior Court of Stephens County, Georgia, entered an Order granting habeas relief and vacating his prior state convictions for possession of cocaine with intent to distribute and possession of a firearm during the commission of a felony. (See Ex. O-1 to Motion to Proceed [161].) The drug conviction formed the basis of the enhancement of his federal sentence under 21 U.S.C. § 841 (b)(1)(A) and 21 U.S.C. § 851. Petitioner also shows that on October 6, 2005, the Superior Court of Stephens County entered an Order dismissing the state charges against Petitioner for want of prosecution. (See Ex. O-2 to Motion to Proceed [161].) Based on these facts, Petitioner contends that he is entitled to a new sentencing hearing. See United States v. Custis, 511 U.S. 485, 114 S. Ct. 1732, 128 L. Ed. 2d 517 (1994); Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005) ("[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated.").

Petitioner also raises in his Motion to Vacate numerous other grounds attacking the validity of his conviction and sentence.  In Ground 1, Petitioner contends that the government failed to prove beyond a reasonable doubt that the cocaine base with which he was charged constituted "crack" cocaine, and thus he should be sentenced under the more lenient Guidelines concerning the distribution of cocaine powder.  In Ground 2, Petitioner claims ineffectiveness of trial counsel for (a) failing to meaningfully challenge the sufficiency and execution of the search warrant in his Motion to Suppress hearing; (b) failing to request inspection of the grand jury list pursuant to Test v. United States, 420 U.S. 28, 95 S. Ct. 749, 42 L. Ed. 2d 786 (1975); (c) failing to conduct a reasonable pretrial investigation; (d) failing to reasonably prepare for trial; (e) failing to challenge the government's evidence that the cocaine at issue weighed more than 50 grams, when a state expert not called by the defense had allegedly concluded that the cocaine at issue weighed 49 grams; (f) failing to call expert witnesses at trial to challenge the state's expert testimony; and (g) failing to meaningfully challenge the government's evidence that the firearm traveled in

4

interstate commerce.[1]  In Ground 3, Petitioner claims ineffectiveness of appellate counsel for failing to raise as error in his appeal the trial court's denial of Petitioner's motion to view the grand jury list pursuant to Test.  And finally, in Ground 4, Petitioner contends that his due process rights were violated based on the prosecution's failure to disclose exculpatory evidence and its presentation of false testimony.

## Discussion

**I.     Motion To Dismiss**

Respondent has filed a Motion to Dismiss, contending that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence was untimely filed. Respondent first contends that, since the Supreme Court denied Petitioner's petition for a writ of certiorari on November 29, 2005, his Motion to Vacate, Set Aside, or Correct Sentence was due on November 28, 2005, and thus was filed one day late.  The Court disagrees.

---

[1] Petitioner also claims ineffectiveness of trial counsel during the state proceedings concerning the same conduct at issue during his federal trial.  The state charges were eventually dismissed.  Since Petitioner suffered no prejudice as a result of ineffective assistance of trial counsel in his state habeas proceedings, it is likely that such a claim would be dismissed as meritless on its face.

Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." FED. R. CIV. P. 6(a).  Here, the time for Petitioner to file his § 2255 motion was triggered by the November 29, 2004, denial of certiorari by the Supreme Court.  Applying the one-year statute of limitations in light of Rule 6(a), Petitioner's Motion was timely dated November 29, 2005.  See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (applying Rule 6(a) to one-year statute of limitations applicable to motions brought under 28 U.S.C. § 2255).

Even so, Respondent contends that the Motion is untimely because it was docketed on January 17, 2006, approximately six weeks after the filing deadline.  Respondent argues that Petitioner cannot benefit from the prisoner mailbox rule because it is unlikely that Petitioner in fact tendered his Motion to prison officials on November 29, 2005.

Petitioner has filed an affidavit attesting to the fact that he signed, dated, affixed the proper postage, and tendered his mailing to prison officials on November 29, 2005.  (Clay Aff. [166-2].)  The envelope in which Petitioner

6

sent his Petition was stamped by the Ashland, Kentucky United States Post Office on December 19, 2005.[2] (Id.) Thus, the net effect of Petitioner's testimony and the postmarked envelope is that the mailing of the Petition was delayed inside the prison by approximately twenty days.

Under the prison mailbox rule, the litigation papers of prisoners are deemed filed on the date that they are delivered to prison officials for mailing. Washington, 243 F.3d at 1301. Nevertheless, a prisoner cannot invoke the mailbox rule if his pleading is filed late because of his failure to affix proper postage, to properly address outgoing mail, or to follow reasonable prison regulations governing outgoing legal mail. See Dison v. Whitley, 20 F.3d 185, 186-87 (5th Cir. 1994). The question of when the prisoner delivered a pleading is a fact question to be resolved by the district court. Sanders v. United States, 113 F.3d 184, 186 n.2 (11th Cir. 1997). "[T]he burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed." Washington, 243 F.3d at 1301; Allen v. Culliver, 471 F.3d 1196, 1198-99 (11th Cir. 2006). When the prisoner has filed a sworn declaration stating the date he delivered a pleading to a prison official, it is generally presumed that the

---

[2] Petitioner is presently incarcerated in Ashland, Kentucky.

7

pleading was delivered on that date absent evidence to the contrary. Washington, 243 F.3d at 1301; Allen, 471 F.3d at 1198-99.

Here, as in Washington, the government has offered no evidence to rebut Petitioner's sworn assertion that he tendered his Petition on November 29, 2005, to prison officials. In the Court's experience, it is not uncommon for prisoner filings to take several weeks to be received by the Clerk of Court, and it is not uncommon for prisoner mailings to be delayed for several weeks in prison systems as a result of administrative limitations and other factors. Moreover, the zealous and meticulous nature with which Petitioner has presented his sixty-page typed Petition, coupled with his post-filing diligence in remaining apprised of the record and in supplementing his filings, supports Petitioner's sworn testimony that he did not file his Petition late by a matter of days. See Allen, 471 F.3d at 1198-99 ("The district court may take into account any and all relevant circumstances, including any lack of diligence on the part of [the petitioner] in following up in a manner that would be expected of a reasonable person in his circumstances, in deciding whether the notice was delivered to the prison authorities.").

8

Taking into account Petitioner's sworn statements, his diligence, and the absence of any evidence to the contrary, the Court finds that Petitioner properly mailed his Motion on November 29, 2005. Applying the prisoner mailbox rule, the Petition is timely. Cf. Casanova v. Dubois, 304 F.3d 75, 79-80 (1st Cir. 2002) (applying mailbox rule despite 3-month delay between claimed delivery and docketing of pleading). Accordingly, Respondent's Motion to Dismiss [163] is **DENIED**.

## II.   Motion to Appoint Counsel; Motion to Vacate

Having reviewed the filings in this matter, the Court finds that the interests of justice warrant the appointment of counsel to assist Petitioner in presenting the instant Motion. Accordingly, Petitioner's renewed Motion for Appointment of Counsel is **GRANTED**. The Court hereby **APPOINTS** William Morrison to assist Petitioner in the presentation of his Motion. Within forty-five (45) days of the entry of this Order, Petitioner is **DIRECTED** to file an amended Petition, with the benefit of counsel, asserting all non-frivolous grounds for relief to be presented. At that time, the Court will review the amended motion and direct Respondent to respond to those grounds that do not appear meritless on their face. The Court **RESERVES RULING** on

9

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [159].

### III.  Remaining Motions

In view of the Court's disposition above, Petitioner's Motion to Expedite [164] is **DENIED as moot**; Petitioner's Motion to Compel Government to Respond [165] is **DENIED as moot**; and Petitioner's Motion for Status [167] is **DENIED as moot**.

### Conclusion

For the foregoing reasons, the Court **RESERVES RULING** on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [159].  Petitioner's renewed Motion for Appointment of Counsel is **GRANTED**.  The Court hereby **APPOINTS** William Morrison to assist Petitioner in the presentation of his Motion.  Within forty-five (45) days of the entry of this Order, Petitioner is **DIRECTED** to file an amended Petition, with the benefit of counsel, asserting all non-frivolous grounds for relief.  At that time, the Court will review the amended motion and direct Respondent to respond to those grounds that do not appear meritless on their face.

Petitioner's Motion to Proceed [161], which the Court construes as a Motion to Supplement, is **GRANTED**.  In view of the Court's disposition above, Petitioner's Motion to Expedite [164] is **DENIED as moot**; Petitioner's Motion to Compel Government to Respond [165] is **DENIED as moot**; and Petitioner's Motion for Status [167] is **DENIED as moot**.

**SO ORDERED** this  6th  day of December, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE