# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| CRAIG PAULINUS CLAY,　　Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 2:00-CR-0008-RWS-JRS-1 |
| UNITED STATES OF AMERICA,　　Respondent. | :: :: :: | CIVIL ACTION NO. 2:06-CV-0009-RWS |

## **ORDER**

This matter is currently before the Court for consideration of a single issue raised in Movant Craig Paulinus Clay's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 159). Specifically, this Court will consider whether Movant is entitled to resentencing based on the invalidation of his prior state court conviction, which was used to enhance his 20-year federal sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)(ii) and 851. (See Docs. 185, 192, 195, 196). Additionally, Movant has filed motions requesting the Court to consider his grounds "A-F" raised in his original motion to vacate (Doc. 180), and asking that he be released on bond pending the final resolution of the instant motion to vacate (Doc. 194).

# I. **PROCEDURAL HISTORY**

On August 2, 2000, a federal grand jury indicted Movant for possession with intent to distribute cocaine hydrocholoride, in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(C) and 851 ("Count One"); possession with intent to distribute at least fifty (50) grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1)-(b)(1)(A)(iii) and 851 ("Count Two"); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"). (Doc. 29). Additionally, the Government notified Movant of its intent to seek an enhancement of Movant's sentence, under 21 U.S.C. § 851, based on his February 19, 1992, conviction in the Superior Court of Stephens County, Georgia, for possession of cocaine with intent to distribute. (Id.).

Movant proceed to a jury trial, and the jury returned a special verdict, finding Movant guilty on all counts and that Count Two involved at least 50 grams of crack. (Doc. 114). On September 17, 2002, this Court sentenced Movant to a mandatory term of incarceration of 240 months based on his prior state drug conviction. (Doc. 125). Movant filed a timely notice of appeal. (Doc. 126). On January 7, 2004, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences. United States v. Clay, 355 F.3d

1281, 1287 (11th Cir. 2004). On November 29, 2004, the United States Supreme Court denied Movant's petition for a writ of certiorari. Clay v. United States, 543 U.S. 999 (2004).

On September 1, 2004, Movant filed a state habeas corpus proceeding in the Stephens County Superior Court, challenging the validity of his 1992 conviction. On July 12, 2005, the state court granted Movant's habeas petition and vacated his 1992 conviction. On October 6, 2005, the state court granted the prosecution's motion to nolle prosequi the case. (Doc. 161, Exs. 0-1, 0-2).

On November 29, 2005, Movant, proceeding pro se, filed the instant motion to vacate his sentence raising several grounds for relief, including that he is entitled to resentencing based on the invalidation of his prior state conviction used to enhance his federal sentence. (Doc. 159). On December 6, 2007, this Court issued an Order finding that the instant motion to vacate was timely filed and appointing counsel to assist Movant in filing an amended motion that asserts non-frivolous grounds for relief. (Doc. 168). On January 22, 2009, following a status conference with counsel, this Court ordered the parties to file supplemental briefs on the issue of the effect of Movant's state court conviction having been set aside.

(Doc. 185). Additionally, this Court held all other issues raised in this case in abeyance pending the Court's ruling on this issue. (Id.).

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). As Movant's claim involves solely a legal question and does not

4

AO 72A
(Rev.8/82)

require the introduction of evidence outside the record, an evidentiary hearing is not required.

**B.     Whether Movant is entitled to resentencing**

Movant argues that he is entitled to resentencing based on the Supreme Court's decisions in Custis v. United States, 511 U.S. 485 (1994), Daniels v. United States, 532 U.S. 374 (2001), and Johnson v. United States, 544 U.S. 295 (2005). (Doc. 192). Movant maintains that, although these cases concerned sentence enhancements under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), while his sentence was enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A)(ii) and 851, the rationale of these cases applies to his case because the statutory enhancements are similar. (Id.).

The Government responds that Movant waived his challenge to the validity of his prior state conviction by not raising the issue in a written response to the information, as required by 21 U.S.C. § 851(c)[1]. (Doc. 195 at 5-6). The

---

[1]Section 851(c)(2) states that: "[a] person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. . . . Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge."

5

Government further argues that, even if Movant had raised a challenge to the validity of his 1992 state conviction during his sentencing proceedings before this Court, such a claim would have been barred by 21 U.S.C. § 851(e)[2]. (Id. at 6-7). According to the Government, the rationale of Custis, Daniels, and Johnson does not apply to this case because they did not involve sentence enhancements under § 851. Unlike the ACCA, the statutory scheme at issue in those cases, § 851 contains limitations for challenging the validity of prior convictions, but does not exclude prior convictions that have been set aside or expunged. (Id. at 7-12). Finally, the Government argues that Movant is precluded from bringing this claim because he failed to exercise due diligence in seeking to vacate his 1992 state conviction. (Id. at 12-13).

Movant replies that he did challenge the validity of his prior state conviction at his federal sentencing hearing, and this Court noted that it was not the proper forum for an attack on a state court conviction. (Doc. 196 at 2-3). Movant argues that § 851(e) does not prevent him from returning to federal court to seek

---

[2]Section 851(e) provides that: "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."

6

resentencing once he has had his state conviction vacated. (Id. at 5-6). Movant next contends that there is nothing in the language of Custis, Daniels, or Johnson to suggest that a similar rationale would not apply to § 851 enhancements, particularly where, as here, the movant diligently pursued the vacation of his state convictions.[3] (Id. at 7). Finally, Movant asserts that the due diligence analysis of Johnson does not apply to this case because he timely filed his motion to vacate without relying on 28 U.S.C. § 2255(f)(4), which extends the statute of limitations based on a newly discovered fact. (Id. at 7-9).

In Custis, the Supreme Court held that a federal defendant could not, at his federal sentencing hearing, collaterally attack the validity of a prior state court conviction used to enhance his federal sentence under the ACCA unless the state conviction was obtained in violation of the defendant's right to counsel. 511 U.S. at 497. The Court recognized, however, that a federal defendant could attack his state sentence in state court or through federal habeas review, and, if successful, "he may then apply for reopening of any federal sentence enhanced by the state sentences." Id.

---

[3]Movant recently filed affidavits to support his contention that he acted with due diligence in pursuing the vacation of his prior state conviction. (Doc. 197).

Next, the Supreme Court held that a defendant may not challenge, in a § 2255 motion, a prior state court conviction used to enhance his federal sentence under the ACCA unless the state conviction was obtained in violation of the defendant's right to counsel. Daniels, 532 U.S. at 382. The Court also noted that "[a]fter an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction." Id.

Finally, in Johnson, the Supreme Court held that, for a § 2255 motion attacking a federal sentence on the ground that a state conviction used to enhance that sentence had since been vacated, the one-year statute of limitations set forth in § 2255(f)(4) begins to run "when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. at 298. The Court stated that "[n]either the enhancement provision of the Sentencing Guidelines applied here, nor the mandatory enhancement under the [ACCA] has been read to mean that the validity of a prior conviction supporting an enhanced federal sentence is beyond challenge." Id. at 303. "Our cases applying these provisions assume the contrary, that a defendant given a sentence

8

enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Id. (citing Custis and Daniels).

In an unpublished opinion, the Eleventh Circuit declined to address whether a federal sentence could be enhanced under §§ 841 and 851 where the prior state conviction listed in the Government's information was vacated prior to sentencing because, even if "the § 841 enhancement was in error, that error would be harmless because the district court's valid 240-month sentence for money laundering is equal to the statutory minimum § 841 would proscribe." United States v. Mathis, 239 Fed. Appx. 513, 518 (11th Cir. 2007) (unpublished). The Eleventh Circuit recognized, however, that this was a "close issue" because the drug-offender statute, unlike the ACCA, does not define conviction to exclude prior convictions that have been vacated or expunged. Id., n.3.

To the undersigned's knowledge, there is no published or unpublished opinion addressing the precise issue raised herein; i.e., whether a defendant whose federal sentence was enhanced under §§ 841/851 may bring a § 2255 motion to seek resentencing based on the invalidation of his prior state conviction used to enhance his federal sentence. The Eleventh Circuit has held that "pursuant to federal habeas corpus, a district court may reopen and reduce a federal sentence,

9

once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence" pursuant to the ACCA. United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999). Moreover, in Johnson, the Supreme Court stated that "Congress does not appear to have adopted a policy of enhancing federal sentences regardless of the validity of state convictions relied on for the enhancement." 544 U.S. at 305-06. As to the Government's argument that the rationale of the Custis line of cases does not apply to this situation, one federal district court has opined that "Congress's failure to address the issue of convictions that are set aside after sentencing should not be interpreted as a prohibition on resentencing." Pettiford v. United States, No. 94-12626, 1995 WL 464920, at *9 (D. Mass. July 20, 1995). The undersigned agrees that there is nothing in §§ 841 or 851 which "limits this Court's authority and responsibility under 28 U.S.C. §2255 (or 28 U.S.C. §2254, for that matter) and related Supreme Court precedent to grant relief in these circumstances." Id. "To afford a petitioner no relief, when he has been sentenced to an enhanced period based on prior state convictions that were obtained in violation of the United States constitution, is arguably itself a constitutional violation." Id. at *10. Therefore,

10

this Court concludes that Movant may seek resentencing based on the invalidation of his 1992 state conviction.

Regarding the Government's remaining arguments, this Court finds that Movant did attempt to challenge the validity of his state conviction at sentencing. Moreover, the limitations set forth in §§ 851(c) and (e) do not apply to § 2255 proceedings. Furthermore, Johnson's due diligence analysis does not apply to this case because this Court has already found that the instant motion to vacate is timely, under § 2255(f)(1), because it was filed within one year of the date that Movant's federal judgment of conviction became final.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Movant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255, (Doc. 159) is **GRANTED**, in part, as to Movant's claim that he is entitled to resentencing based on the invalidation of his prior state conviction. All of Movant's remaining claims are **DENIED** without prejudice.

2. Movant's motion requesting the Court to consider his grounds "A-F" raised in his motion to vacate (Doc. 180) is **DENIED** without prejudice. Movant will be able to bring these claims again in a subsequent motion to vacate.[4]

---

[4] See McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (holding that "an order granting a § 2255 petition, and reimposing sentence, resets to zero the

11

3. Movant's motion asking that he be released on bond pending the final resolution of this motion to vacate (Doc. 194) is **DENIED** as moot.

4. Movant shall be resentenced. The date and time of resentencing shall be set by separate order.

**IT IS SO ORDERED** this  11th  day of June, 2009.

**RICHARD W. STORY**
United States District Judge

---

counter of collateral attacks pursued"); Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (holding that "[w]hen an earlier habeas corpus petition was dismissed without prejudice, a later petition is not "second or successive" for purposes of [28 U.S.C.] § 2244(b)"); Delarosa v. United States, No. 1:07-CV-0990-JEC, 2008 WL 269615, at *3 (N.D. Ga. Jan. 23, 2008) (holding that a second § 2255 motion, which raised the same claims that were raised in a first § 2255 motion, was not impermissibly successive because, when this Court granted Movant's first § 2255 motion to allow him to file an out-of-time appeal, it declined to rule on his remaining claims until the appeal process was complete and reset the counter of collateral attacks pursued to zero).